UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANEISHA MERRITT-ROJAS,<br><br>                  Plaintiff,<br><br>        v.<br><br>LIFE MOVES,<br><br>                  Defendant. | Case No. 23-cv-04383-NC<br><br>**REQUEST FOR REASSIGNMENT WITH REPORT AND RECOMMENDATION**<br><br>Re: ECF 6 |

Plaintiff Taneisha Merritt-Rojas filed suit against Defendant Life Moves, alleging "unconstitutional and illegal treatment" during her stay in Defendant's housing program. Despite several attempts by the Court to get her to clarify her allegations, Plaintiff has failed to engage with the litigation. Therefore, the Court requests this case be reassigned to a district judge for disposition, with the recommendation that the case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines.

## I.    BACKGROUND

Plaintiff is a resident of Defendant's Emergency Interim Housing program. ECF 1 ¶ 1. Over the course of her stay, Plaintiff alleges Defendant subjected her to a variety of harsh and cruel conditions, including evicting her spouse and depriving her the ability to visit with him, ignoring her safety concerns, and violating her privacy. *See e.g.*, *id.* ¶¶ 22-

49. This treatment has allegedly exacerbated Plaintiff's pre-existing mental health conditions. *Id.* ¶ 19.

Plaintiff also filed an application to proceed in forma pauperis. ECF 2. The Court granted this application. ECF 5. Pursuant to 28 U.S.C. § 1915, the Court screened the complaint and found Plaintiff failed to state a claim. *Id.* at 4-5. The Court granted Plaintiff 30 days to amend the complaint or face potential dismissal of the suit. *Id.* at 5. Plaintiff failed to file an amended complaint. The Court granted Plaintiff the opportunity to explain why this action should not be dismissed for failure to prosecute. *See* ECF 6. Again, Plaintiff failed to respond.

## II.    LEGAL STANDARD

A court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). A court may dismiss an action under Rule 41(b) sua sponte. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). The court must weigh five factors to determine whether dismissal under Rule 41(b) is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III.    DISCUSSION

The majority of the factors weigh in favor of dismissal. First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999)). Plaintiff's nearly two-month failure to pursue this case weighs in favor of dismissal.

The second factor recognizes the trial court is best suited to determine whether a plaintiff's delay interferes with the operation of its docket and the public interest. *See Pagtalunan*, 291 F.3d at 642. "Non-compliance with procedural rules and the Court's orders wastes 'valuable time that [the Court] could have devoted to other . . . criminal and

United States District Court
Northern District of California

civil cases on its docket.'" *Gonzalez v. Styleworks Design Grp., Inc.*, No. 22-cv-04720-TSH, 2023 WL 4995724, at \*1 (N.D. Cal. June 27, 2023) (quoting *Ferdik*, 963 F.2d at 1261). Here, this factor favors dismissal because Plaintiff's repeated failures to respond to requests and orders detracted from the Court's operation of its docket.

The third factor considers whether the "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. However, this case presents a situation where Defendant is not prejudiced because it has not yet been served. Nevertheless, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Johnson v. Louie*, No. 21-cv-00771-TSH, 2021 WL 11586370, at \*2 (N.D. Cal. Aug. 3, 2021) (quoting *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)). Plaintiff in this case not only failed to proffer any explanation for her failure to prosecute, but more importantly has failed to even engage with the litigation following the Court's Screening Order. As such, the Court concludes this factor also supports dismissal.

The fourth factor looks to the court's consideration of less drastic alternatives prior to dismissal. *See Ferdik*, 963 F.2d at 1261. The Court attempted several less drastic measures without success. In its Screening Order, the Court outlined the errors in Plaintiff's pleading and granted her approximately one month to file an amended complaint. *See* ECF 5 at 5. The Court also directed Plaintiff to the availability of free resources for pro se litigants. *Id.* The Screening Order also warned Plaintiff that failure to cure the deficiencies could lead to dismissal. *Id.* Courts have found the failure to heed such warnings can satisfy the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *see also Malberg v. Garcia-Sen*, No. 23-cv-01006-VKD, 2023 WL 4372696, at \*3 (N.D. Cal. July 5, 2023) (noting the plaintiff's failure to comply with court orders, despite express warnings, weighed in favor of dismissal). Thus, this factor weighs in favor of dismissal.

Under the final factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor weighs against dismissal.

3

## IV.  CONCLUSION

Based on the foregoing, the Court finds four of the five factors weigh in favor of dismissal.  Plaintiff failed to timely file an amended complaint despite opportunities to do so.  Thus, dismissal for failure to prosecute is appropriate.  However, considering Plaintiff is proceeding in forma pauperis, the Court finds the less drastic alternative of dismissal without prejudice is also appropriate.  Accordingly, the Court requests this case be reassigned to a district judge for disposition, with the recommendation that the Court DISMISS this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated:  October 31, 2023

_____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

4