UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TANEISHA MERRITT-ROJAS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>LIFE MOVES,<br><br>   Defendant. | Case No.  23-cv-04383-BLF<br><br>**ORDER SCREENING FIRST AMENDED COMPLAINT AND DISMISSING WITH LEAVE TO AMEND**<br><br>[Re:  ECF No. 7, 10] |

Before the Court is Plaintiffs Taneisha Merritt-Rojas and Robert Rojas's First Amended Complaint.  ECF No. 10 ("FAC").  On September 6, 2023, the magistrate judge granted Merritt-Rojas's application to proceed *in forma pauperis*.  ECF No. 5.  After reviewing the Amended Complaint, the Court DISMISSES the Amended Complaint with leave to amend.

**I. BACKGROUND**

Merritt-Rojas is a resident in the Life Moves Emergency Interim Housing program ("EIH").  FAC ¶ 1.  Rojas is Merritt-Rojas's spouse, who Life Moves evicted from the EIH program.  *Id.* ¶ 18.  Plaintiffs generally allege that Life Moves has failed to adequately manage its housing program.  Among other things, Plaintiffs allege that Life Moves illegally evicted Rojas and prevented him from contacting or visiting Merritt-Rojas, failed to implement sanitation and security measures, searched Plaintiffs' housing unit without their consent, and stole Plaintiffs' property.  *Id.* ¶¶ 3–21.

On August 8, 2023, Merritt-Rojas filed her initial complaint, bringing ten causes of action—eight claims alleged constitutional violations pursuant to 42 U.S.C. § 1983, one claim alleged violations of the Americans with Disabilities Act ("ADA"), and one claim alleged violations of California Government Code § 11135.  ECF No. 1 ("Compl.").  On September 6,

2023, the magistrate judge granted Merritt-Rojas's application for *in forma pauperis* status and screened her complaint. ECF No. 5. The magistrate judge dismissed Merritt-Rojas's initial complaint, finding that she failed to adequately allege how Life Moves is a state actor to state a claim under §1983, she failed to allege how Life Moves if a public entity and adequately allege her disability to state a claim under Title II of the ADA, and she failed to adequately allege her disability and the programs or services she was denied to state a claim under California Government Code § 11135. ECF No. 5 at 3–4. The magistrate judge granted Merritt-Rojas leave to amend. *Id.* at 5. After Merritt-Rojas failed to amend her complaint in time and failed to respond to an order to show cause why the case should not be dismissed for failure to prosecute, issued a report and recommendation that the case be dismissed without prejudice for failure to prosecute. ECF No. 7.

On November 20, 2023, Plaintiffs filed their First Amended Complaint. The First Amended Complaint adds Rojas as a plaintiff and adds more specific factual allegations, including descriptions of the EIH facility and specific instances in which Plaintiffs allege Life Moves violated their rights. *See* FAC ¶¶ 1–21. However, aside from minor formatting changes, the remainder of the First Amended Complaint is identical to the initial complaint. *Compare* FAC ¶¶ 22–68, *with* Compl. ¶¶ 16–65.

## II. LEGAL STANDARD

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### III. DISCUSSION

As an initial matter, because Plaintiffs filed an amended complaint, the magistrate judge's report and recommendation is moot. *See* ECF No. 7. Therefore, the Court will terminate the report and recommendation and screen the First Amended Complaint.

#### A. Section 1983 Claims

Plaintiffs' First Amended Complaint alleges that Life Moves violated their First, Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. FAC ¶¶ 27–56. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a person acts under the color of state law is analyzed in two-step framework: First, the Court must determine first whether the alleged constitutional violation was "caused by the 'exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *O'Handley v. Weber*, 62 F.4th 1145, 1156 (9th Cir. 2023) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937

1  (1982)). Second, the Court must determine "whether 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Id.* (alteration in original) (quoting *Lugar*, 457 U.S. at 937).

The First Amended Complaint fails at both steps of the state action framework. The First Amended Complaint's allegations about Life Moves, which are identical to the allegations in the initial complaint, offer only conclusory allegations to support their claim that Life Moves is a state actor. *Compare* FAC ¶ 26 ("Defendant, Life Moves, is a public entity, dully [sic] organized and existing under the laws of the State of California."), *with* Compl. ¶ 20 ("Defendant, Life Moves, is a public entity dully [sic] organized and existing under the laws of the State of California."). Aside from this allegation, Plaintiffs offer no facts to establish that the alleged constitutional violations were the result of a state-created right, state-imposed rule, or that the state is responsible for Life Moves. Similarly, Plaintiffs offer no facts to establish that Life Moves could fairly be said to be a state actor. Accordingly, the Court dismisses Plaintiffs' First Amended Complaint with respect to their § 1983 claims because Plaintiffs fail to state a claim.

### B. ADA Claim

Plaintiffs' First Amended Complaint alleges that Life Moves violated Title II of the ADA and its implementing regulations. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II protects "a qualified individual with a disability." *Id.* In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1). For purposes of § 12102(a), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). A "public entity" means "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government."

*Id.* § 12131(1)(A), (B).

In order to obtain relief under the ADA, a plaintiff must show (1) that she is disabled within the meaning of the act, (2) that she is "otherwise qualified" for the services sought, (3) that she was excluded from the services sought solely by reason of his disability, and (4) that the program in question is a public entity. *See, e.g.*, *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).

The First Amended Complaint fails to state a claim for relief under Title II of the ADA. First, the First Amended Complaint recites the definition of a disability under § 12102(1) and represents that Merritt-Rojas qualifies, but it does not allege any facts that describe Merritt-Rojas's disability. *See* FAC ¶¶ 25, 59. Second, the First Amended Complaint makes the conclusory allegation that "Defendant is a public entity as defined under 42 U.S.C. § 12131(1)(A)," FAC ¶ 59, but it does not allege any facts that would show that Life Moves is a state or local government or a department, agency, special district, or instrumentality of a state or local government. Accordingly, the Court dismisses Plaintiffs' First Amended Complaint with respect to their ADA claim because Plaintiffs fail to state a claim.

### C. State Law Claim

Plaintiffs' First Amended Complaint alleges that Life Moves violated Cal. Gov't Code § 11135 by discriminating against Merritt-Rojas on the basis of her disability. FAC ¶¶ 62–66. Section 111135 provides that:

> No person in the State of California shall, on the basis of . . . [a] disability . . . be unlawfully denied full and equal access to the benefits of, or be unlawfully subject to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

"Section 11135 is . . . coextensive with the ADA because it incorporates the protections and prohibitions of the ADA and its implementing regulations." *Bassilios v. City of Torrance, CA*, 166 F.Supp.3d 1061, 1084 (C.D. Cal. 2015).

The First Amended Complaint fails to state a claim under § 11135 for similar reasons for which it fails to state a claim under Title II of the ADA. Plaintiffs fail to allege sufficient facts to

describe Merritt-Rojas's disability, to describe how the program or activity from which Merritt-Rojas experienced discrimination, or to describe how that program or activity is connected to the state . Accordingly, the Court dismisses Plaintiffs' First Amended Complaint with respect to their § 11135 claim because Plaintiffs fail to state a claim.

### D. Leave to Amend

"The Court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). The Court has considered the *Foman* factors and will grant Plaintiffs leave to amend their complaint to cure the deficiencies identified in this Order. Plaintiffs must allege specific facts that would describe Merritt-Rojas's disability, show how Life Moves is a state actor for purposes of § 1983, and show how Life Moves is a public entity for Title II of the ADA and Cal. Gov't Code § 11135.

The Court reminds Plaintiffs that they may contact the Federal Pro Se Program for assistance. The Federal Pro Se Program is a free program that offers limited legal services and advice to parties who are representing themselves. The Federal Pro Se Program has an office at the location listed below. Help is provided by appointment and on a drop-in basis. Parties may make appointments by calling the program's staff attorney, Haohao Song, at 408-297-1480. Additional information about the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

Federal Pro Se Program
United States Courthouse
280 South 1st Street
2nd Floor, Room 2070
San Jose, CA 95113
Monday to Thursday 9:00 am – 4:00 pm

//
//
//
//
//
//
//

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The magistrate judge's report and recommendation is TERMINATED as moot.

2. Plaintiff Taneisha Merritt-Rojas's First Amended Complaint (ECF No. 10) is DISMISSED with leave to amend. Merritt-Rojas must file an amended complaint curing the deficiencies identified in this Order no later than January 3, 2024.

Dated: November 27, 2023

_____
BETH LABSON FREEMAN
United States District Judge